UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SABRELINER CORP., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:08CV151 SNLJ |
| ) | |
| INTERNATIONAL BROTHERHOOD ) | |
| OF TEAMSTERS, LOCAL NO. 600, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff and defendant's cross summary judgment motions. Defendant moved for summary judgment (#15) on November 24, 2008. Plaintiff then filed a cross motion for summary judgment (#30) and a response to defendant's motion (#32) on February 6, 2009. Defendant filed a combined response to plaintiff's motion and reply brief (#33) on February 13, 2009. Finally, plaintiff filed a reply to summary judgment motion #30 (#34) on February 27, 2009.

**I. Statement of the Case**

Plaintiff filed this action on October 7, 2008, seeking to vacate an arbitration award pursuant to Section 301 of the Labor Managment Relations Act, 29 U.S.C. § 185. Douglas Beier was an employee of plaintiff and is a member of defendant's Teamsters Local 600. He had worked for plaintiff for approximately ten years. At the time of his discharge, Mr. Beier was a water jet cutter operator. In mid-December 2007, Mr. Beier's supervisor discovered that Mr. Beier had been operating the machine to work on personal projects. Plaintiff suspended Mr. Beier pending further investigation. Upon completion of its investigation, on January 15, 2008, plaintiff discharged Mr. Beier for making personal projects with company equipment. Defendant timely

grieved the discharge, and, based on the terms of their collective bargaining agreement, the parties entered arbitration.

On September 22, 2008, the arbitrator issued an award which directed that Mr. Beier be reinstated with full benefits and seniority but without backpay. However, plaintiff refused to comply with the award and instead brought this action to vacate the arbitration award. Plaintiff alleges that the arbitrator, Robert Heggie, "ignored the plain and unambiguous language of the applicable collective bargaining agreement" and instead "dispensed his 'own brand of industrial justice'" requiring this Court to vacate the award. Both parties are in agreement that there are no issues of material fact that preclude summary judgment. This Court must decide if the arbitration award complied with the terms of the collective bargaining agreement. If it did defendant is entitled to summary judgment, if it did not plaintiff is entitled to summary judgment. In addition, defendant requests that the Court award backpay to Mr. Beier from the date of the arbitration award to present and attorneys fees.

## II. Standard of Review

Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir. 1988).

Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material

fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S. Ct. 486, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976).

In reviewing an arbitration award, the Court must give deference to the arbitrator. United Paper Workers Int'l v. Misco, 484 U.S. 29, 38 (1987). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Id. However, if an arbitrator's award fails to draw its essence from the applicable collective bargaining agreement, then the award must be set aside. United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960). "An arbitrator's award draws from the essence of the [parties' agreement] as long as it is derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention." Boise Cascade Corp. v.

3

Paper Allied-Indus. Chemical and Energy Workers, Local 7-0159, 309 F.3d 1075 1080 (8th Cir. 2002). With these principles in mind, the Court turns to an examination of the facts.

## I. Discussion

### A. Arbitration award

Plaintiff alleges that the arbitration award clearly ignored the terms of the collective bargaining agreement because it is "undisputed" that Mr. Beier committed an extremely serious offense and "the only possible discipline" was discharge. After a careful review of the collective bargaining agreement, arbitration transcript, and arbitrator's opinion, this Court not only disagrees with these arguments but finds the arguments clearly ignore the plain language of the collective bargaining agreement and clear findings of the arbitrator.

Article 24 of the collective bargaining agreement establishes a progressive disciplinary plan that applies to any employee. That section provides as follows:

> Section 1. In the event of unsatisfactory conduct on the part of any employee, the Employer will impose progressive disciplinary action in accordance with the following guidelines:
>
> a. Written verbal warning (1st offense of a minor nature).
> b. Written warning (2nd offense of a minor nature, or 1st occurrence of a more serious offense).
> c. Three (3) day suspension without pay and second written warning (3rd offense within twelve [12] months of 1st written warning or 1st occurrence of very serious offense).
> d. Disciplinary action up to and including discharge (4th offense within twelve [12] months of suspension, or 1st occurrence of extremely serious offense).

The collective bargaining agreement confined the arbitrator's authority to "determination of the facts and the interpretation or application of the specific provisions of the Agreement at issue." The level of offense to apply to particular conduct was not established in the agreement and therefore plaintiff's argument that the arbitrator was somehow modifying or amending the

agreement to find that the offense was "very serious" rather than "extremely serious" is unsupported.

Plaintiff argues that it was "undisputed" that Mr. Beier's conduct was an "extremely serious offense" which required the arbitrator to uphold the discharge. This Court will begin by noting that the level of seriousness of the offense was not "undisputed," the arbitrator did not make a finding as to the level of seriousness of the offense, and even if such a finding was made, it was not in conflict with the reduction in penalty. The arbitrator noted in his discussion that the plaintiff referred to Mr. Beier's actions as "very serious" rather than "extremely serious." This was both before and after the investigation, despite plaintiff's claims otherwise. The arbitrator also noted that other workers caught working on personal project were treated as having a "very serious offense" and were not discharged. In response, plaintiff argues that if the arbitrator found that the offense was "very serious" the agreement required Mr. Beier to be given only a 3-day suspension. But, to grant what amounted to be a 14-month suspension, the plaintiff argues that the arbitrator had to have decided the offense was "extremely serious." A finding of a lesser offense would be contrary to the penalty imposed. The arbitrator did not issue a holding as to whether the offense was "very serious" or "extremely serious." Yet, this finding is not necessary for the outcome of this case.

Even if the arbitrator had determined the offense "extremely serious," claiming that discharge was mandated is contrary to the plain language of the agreement. For the first very serious offense the agreement allows for "[d]isciplinary action up to and including discharge." The language "up to and including" can have no other meaning than to include punishments lesser than discharge. Nothing in the agreement precluded modification of the penalty imposed and the arbitrator had authority to modify the penalty.

Finally, this Court does not agree that the arbitrator found Mr. Beier's actions dishonest. Plaintiff's brief misquotes the arbitrator's decision in an effort to support his claim. A reading of the actual decision reveals no support for this argument. Again, even if this were the finding discharge was not mandated and, thus, a lesser penalty was not contrary to or a modification of the collective bargaining agreement .

Because the arbitrator did not exceed the terms of the collective bargaining agreement, or the bounds of his authority, in reducing the penalty applied to Mr. Beier, this Court holds that defendant is entitled to summary judgment.

**B. Attorneys fees**

Despite the fact that plaintiffs repeatedly misquoted and misrepresented the collective bargaining agreement and the arbitrator's opinion, this Court cannot find that, in challenging the award, plaintiff "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *See* Actor's Equity Ass'n v. Am. Dinner Theater Inst., 802 F.2d 1038, 1041-42 (8th Cir. 1986). As such, this Court will not grant attorneys fees to defendant.

**C. Backpay**

This Court does hold that defendant is entitled to backpay from September 22, 2008, --the date of the arbitration award -- to present.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (#15) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for summary judgment (# 30) is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's request for attorneys' fees is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's request for backpay from September 22, 2008, to present is **GRANTED**.


Dated this   14th    day of May, 2009.

                                                    _____
                                                    UNITED STATES DISTRICT JUDGE